UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Samuel Toscano, Jr. ) | Case No.: | 15-CV-2197 |
| ) | | |
| *Individually and Derivatively as a shareholder of* ) | Judge: | Frederick J. Kapala |
| *Precision Dose Inc.* and *Cup Pac Packaging,* ) | | |
| *Inc.,* ) | Magistrate: | Iain D. Johnston |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| -v- ) | | |
| ) | | |
| Robert Koopman, Frank Darnell, Precision ) | | |
| Dose, Inc., Cup Pac Packaging, Inc., Precision ) | | |
| Dose Properties, Inc., Thomas L. Anderson, ) | | |
| Clark Kleinheinz, John Kleinheinz, and the ) | | |
| James Kleinheinz and Margaret C. Kleinheinz ) | | |
| Revocable Living Trust Dated March 5, 1991 ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |

## FINAL ORDER OF DISMISSAL

1.      Plaintiff Samuel Toscano, Jr. ("Plaintiff"), Robert Koopman, Frank Darnell,

Precision Dose, Inc. ("Precision Dose"), Cup Pac Packaging, Inc. ("Cup Pac"), Precision Dose

Properties, Inc., Thomas L. Anderson, Clark Kleinheinz, John Kleinheinz, and the James

Kleinheinz and Margaret C. Kleinheinz Revocable Living Trust Dated March 5, 1991

(collectively, the "Parties" and all Parties other than the Plaintiff are referred to as the

"Defendants"), through their undersigned counsel, file this Stipulation of Dismissal.

2.      Among the claims asserted by Plaintiff in this matter was a claim as a minority

shareholder of Precision Dose and Cup Pac pursuant to 805 ILCS 5/12.56(a). (*See* Dkt. 36,

¶¶143-148.) The relief sought included "[a]n order requiring Precision Dose and Cup Pac, or

one or more of the companies' other shareholders, to purchase all, but not less than all, of Mr.

1

Toscano's shares for their fair value as defined by and on the terms determined under 805 ILCS 5/12.56 and other applicable law." (*Id.* ¶148(e).)

3.      Plaintiff asserted other claims against the Defendants, including derivative claims in the right of and for the benefit of Precision Dose and Cup Pac. (*Id.,* ¶¶22-27.)

4.      The Defendants filed Answers and generally denied liability. (*See* Dkt. 52, 55, *and* 57.)

5.      Collectively, the Parties make up all directors and shareholders and/or representatives of all shareholders of Precision Dose and Cup Pac.

6.      On July 19, 2016, pursuant to 805 ILCS 5/12.56(f), Precision Dose and Cup Pac elected to purchase all shares owned by Mr. Toscano for "fair value" as defined in 805 ILCS 5/12.56(f). (D.I. 49.) The Parties did not initially reach an agreement concerning the fair value and terms of purchase of Mr. Toscano's shares.

7.      On October 7, 2016, the Court appointed Lawrence M. Levine of Lincoln Partners Advisors LLC ("Lincoln") to determine the "fair value" of Mr. Toscano's shares. (D.I. 67.)

8.      As reported to the Court on or before November 28, 2017, Lincoln completed its work; the Parties subsequently reached an agreement concerning the fair value and terms of purchase of Mr. Toscano's shares; and, furthermore, the Parties have reached an agreement to resolve and settle all remaining claims asserted by Plaintiff against the Defendants, including all claims asserted by Plaintiff derivatively in the right of and for the benefit of Precision Dose and Cup Pac.

9.      Because the Parties collectively make up all directors and shareholders of Precision Dose and Cup Pac, and have stipulated to dismissal, all directors and shareholders of

Precision Dose and Cup Pac, as well as Precision Dose and Cup Pac themselves, have received notification of the settlement and had an opportunity to object to its terms.

10.    Therefore, this action and all claims asserted by Plaintiff against the Defendants are DISMISSED WITH PREJUDICE.


Dated: ___Jan. 11___, 2018

_____
Frederick J. Kapala
United States District Judge


3